UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SCOTT FAULKNER,<br><br>                Plaintiff,<br><br>        v.<br><br>COUNTY OF RIVERSIDE, et al.,<br><br>                Defendants. | Case No. 5:24-cv-01250-ODW-JDE<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Under 28 U.S.C. § 636, the Court has reviewed the records on file, including the operative Second Amended Complaint filed by Scott Faulkner ("Plaintiff") (Dkt. 12, "SAC"), the Report and Recommendation of the Magistrate Judge (Dkt. 14, "Report"), and the Objections to the Report filed by Plaintiff on May 5, 2025 (Dkt. 15, "Objections" or "Obj."). Further, the Court has engaged in a de novo review of those portions of the Report to which objections have been made.

Among other recommended findings, the Report recommends that the Fourteenth Amendment claim against Lt. Hatfield, Cpt. Rodriguez, and Sgt. Dominguez be dismissed with prejudice, in part, because Plaintiff alleged these defendants denied grievances and/or appeals based on the Riverside County Sheriff's Department's ("RCSD") administrative segregation ("Adseg") policy,

but Plaintiff failed to allege facts plausibly suggesting that these defendants had any control over this policy or could have granted the relief Plaintiff sought. Report at 13-15. In his Objections, Plaintiff alleges that based on his experience as "a former Riverside County Sheriff Deputy," he "has first hand knowledge that policies" include clauses "allowing supervisors to alter policy" and permit "exceptions" "for specific needs," and as such, Lt. Hatfield, Cpt. Rodriguez, and Sgt. Dominguez "could have provided the relief sought." Obj. at 6, 13. The Court has the discretion, but is not required, to consider factual allegations and arguments presented for the first time in a party's objections to a magistrate judge's recommendation. See Akhtar v. Mesa, 698 F.3d 1202, 1208 (9th Cir. 2012); United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000). The Court elects to consider Plaintiff's additional arguments and rejects them.

      First, these allegations are contradicted by the allegations in the SAC that RCSD's Adseg policy requires the restraints, searches, and deprivations on all Adseg inmates regardless of the reason for segregation and without specific application to Plaintiff, a contention on which Plaintiff's Monell[1] claim against the County of Riverside was based. SAC at 14. Second, even if the Court were to consider these allegations, Plaintiff has not stated a Fourteenth Amendment claim against these defendants. Plaintiff's claim against Lt. Hatfield, Cpt. Rodriguez, and Sgt. Dominguez is premised on the denial of an administrative grievance and subsequent appeals, copies of which Plaintiff reproduced and attached to the SAC. The grievance at issue stated:

> Since my arrest on 4/25/21, I have been held in administrative segregation. I have been excluded from the liberties you provide to other inmates. I am subjected to extra restraints when not alone, and have been subjected to strip/visual cavity searches when transported.

---

[1] Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658 (1978).

> This is due to your policy for Ad-seg inmates. However, since my classification is for my safety, I should not be subjected to things that are for those who pose a security threat to others. I respectfully request a change to policy, allowing for something akin to a classification of "Non-disciplinary Segregation" where I am not subject to the restrictions placed on other Ad-seg inmates. I also request financial compensation for the liberty deprivations and excessive restraints for the duration of my detainment.

SAC at 56. Sgt. Dominguez denied the grievance, notifying Plaintiff that the "restraints are being used in accordance with policy and procedures." Id. Plaintiff appealed, reiterating his request for a "policy change," questioning whether "the extra restraints . . . achieve the goal of protecting [him] from other inmates." Id. at 57. Lt. Hatfield responded, denying the appeal. After reviewing Plaintiff's status with the classification unit and confirming he was appropriately classified, Lt. Hatfield concluded the "restraints are being appropriately used during [his] movement in compliance with Department policy." Id. at 61. Cpt. Rodriguez denied Plaintiff's second level appeal, concurring with Lt. Hatfield's findings and concluding the restraints are being used in accordance with policy and that the shackles are being used for the safety and security of the facility, public, staff, and other inmates. Id. at 64.

      As noted in the Report, to allege governmental action constituted punishment in violation of the Due Process Clause, Plaintiff must show (1) the action caused the detainee to suffer some harm or disability, and (2) the purpose of the governmental action was to punish the detainee. Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004) (citing Bell v. Wolfish, 441 U.S. 520, 538 (1979)). Absent a showing of an expressed intent to punish, which has not been shown here, this determination generally turns on "'whether an alternative purpose to which [the restriction] may rationally be connected is

3

assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" Bell, 441 U.S. at 538 (alterations in original) (citation omitted). "[T]he effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." Id. at 540.

Plaintiff sought an exemption to a legitimate security-related policy, requesting not to be subjected to extra restraints when he in the company of others and strip/visual cavity searches when transported. Ensuring security and order at the jail is a permissible nonpunitive objective and "[r]estraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment." Bell, 441 U.S. at 540, 561. Plaintiff did not argue in his grievance that the restraints or searches were done in an unreasonable manner or that there was a "specific need" warranting an exemption. He merely requested an exemption to standard procedure based on his classification status. However, as Lt. Hatfield noted, the classification unit determined Plaintiff was appropriately classified. See id. at 61. Given his status as a former sheriff's deputy as well as the classification unit's assessment, Sgt. Dominguez, Lt. Hatfield, and Cpt. Rodriguez could have reasonably deferred to the classification unit and concluded that Plaintiff posed a risk to institutional security, declining to override policy and the classification unit. Utilizing "extra restraints" when Plaintiff is "not alone" is a reasonable response to legitimate security concerns posed when other detainees or staff are present. Similarly, strip/visual cavity searches when Plaintiff is being transported is not an exaggerated response to genuine security concerns for the smuggling of money, drugs, weapons, and other contraband. See id. at 560-61 (finding visual body cavity searches after contact visits with a person from outside the custodial facility does not constitute punishment in violation

of a pretrial detainee's due process rights). Plaintiff has not shown that Sgt. Dominguez, Lt. Hatfield, and Cpt. Rodriguez's failure to make a "specific need" policy change, assuming these defendants had authorization to so, violated his due process rights. The Court finds that the Report properly found that Plaintiff failed to state a Fourteenth Amendment claim against Sgt. Dominguez, Lt. Hatfield, and Cpt. Rodriguez. Even if the Court were to consider Plaintiff's new arguments, further leave to amend would be futile as Plaintiff's arguments would not alter this outcome.

As noted above, the Court has engaged in a de novo review of those portions of the Report to which objections have been made, and has considered and rejected the remaining arguments raised by Plaintiff in his Objections. The Court accepts the findings and recommendation of the Magistrate Judge.

Therefore, IT IS HEREBY ORDERED that:

(1) the Report and Recommendation is approved and accepted;

(2) all claims asserted against Sheriff Bianco, Sgt. Rustad, Dep. Villasenor, Dep. Groves, Cpt. Rodriguez, Sgt. Dominguez, and Lt. Hatfield are dismissed with prejudice, to be reflected in the final judgment in this action; and

(3) this action shall proceed only on the <u>Monell</u> and Americans with Disabilities Act claims asserted against the County of Riverside in the operative SAC and no other claim.

Dated: May 14, 2025

_____
OTIS D. WRIGHT, II
United States District Judge